By the Court.—Curtis, J.
The questions presented by the defendant arise chiefly upon exceptions to the charge, and refusals to charge, of the judge at the trial, and relate mainly to the rules of damages charged by the judge.
The plaintiff ’.s claim for damages was of a threefold character.
1. Damages for loss of the use of rooms in the new building by reason of its not being finished in time.
2. Damages for the loss of the use of rooms in the old part caused by the failure of defendant to make the repairs agreed upon.
3. Money expended by plaintiff in making repairs agreed to be done by defendant.
The court charged that for such of the rooms as the plaintiff had furniture for, he was entitled to the value of the rental of furnished rooms for hotel purposes ; and that for such of them as he did not have furniture for, to the value of their use and occupation as rooms to be let without furniture. Exceptions were taken to this by the defendant.
The terms of the lease, the provisions for the arrangement of rooms, and the entrance to the new •'building from the old, and the supply of water and steam pipes from the old building to the new, indicate *116 that it was in the contemplation of the parties when the lease was made that the new building was designed as a hotel and for no other purpose, and as such to be used in connection with the old building.
There was evidence that the plaintiff had on storage in a large room of the old Prescott House, all the furniture removed from the former four story house, 97 Spring-street, and had also, for a considerable . period, all the furniture removed from the rooms in the old Prescott House, which were uninhabitable from leakage. „
The defendant objects to this instruction to the jury on the ground that the rule laid down by the judge, allowed profits in the hotel business; that it allowed a profit on the use of furniture, and was contingent upon the use of the hotel by guests, and that it gave plaintiff what he could earn by the use of the rooms in his hotel business, and that it is based upon uncertain and contingent profits which the law excludes.
This is not a just criticism of the rule of damages stated by the judge in respect to the loss of the use of these rooms, or of the effect of such rule. That rule simply instructed the jury to give the plaintiff that compensation for the loss of the use and occupation of those rooms for which he had furniture, as the evidence showed the use and occupation of such rooms furnished for hotel purposes was worth, and also for those rooms for which he did not have furniture, such compensation as ' the evidence showed their use and occupation was worth.
It was right that the plaintiff should be compensated for the loss of the use of the rooms of which he was deprived by the defendants’ default. The evidence shows hotel rooms furnished, have their value for use varying with certain periods of the year. The value of such use can be shown like the value of the use of any other property. The premises were leased by the defendant to the plaintiff *117 for hotel purposes, which contemplates the provision of suitable furniture for the rooms for the use of such persons as the plaintiff in his business as a hotel keeper should let them to, and when deprived by the defendant of the use of a part of them he should be compensated by being allowed the proved value of such use for such purpose. This measure of damages is not based upon the incident of a profit upon the use of furniture, if such there is, nor upon any contingent profits or contingent use of the hotel by guests, but upon the fair market value of the use of furnished hotel rooms. In all large civilized communities the use of this description of rooms prevails extensively, and necessarily has a value known and easily proved.
The same principles apply to that part of the charge, where the court instructed the jury, that the plaintiff as to such rooms as he did not have furniture for, was entitled to the value of the use and occupation of those rooms to be let without furniture, as it was shown to them by the evidence.
The decision in Myers v. Barnes (33 Barb. 401, and affirmed 35 N. Y. 269) sustains the rule indicated by the court.
The court charged substantially the same in respect to the plaintiff’s loss of the use of the rooms in the old part of the hotel caused by defendant’s failure to make the repairs he covenanted to make properly and in time. The defendant excepted to this, but the same principles must apply that governed in regard to the rooms in the new part.
The defendant claims that the judge erred in charging the jury that the value of the rooms must be varied according to the season of the year. The evidence showed that at certain periods of the year the value of the use of the rooms was much greater than at other periods, audit was just to both parties that the jury should be so instructed.
*118 Tbe defendant excepted to the refusal of the court to charge “That if plaintiff knew of a defect which caused damage, he was bound to have it repaired as soon as it could reasonably be done, and if he did not do so and damage subsequently accrued, he can not recover for such subsequent damage.” The claim of the plaintiff was for damages occasioned by the defendant’ s failure to comply with his covenants, and when the defendant failed to make the repairs and restorations called for, the plaintiff had the usual option of a tenant, either to make the repairs in the exercise of his best judgment, being judicious and reasonable in his expenditures, and recover the expenses incurred from the landlord, or else to omit to make the restoration and repairs himself, and sue for his damages (Myers v. Burns, 33 Barb. 407). The first remedy may be beyond the ability of a tenant, and without the last he would be left remediless. Neither is there force in the objection that if the plaintiff, the tenant, wa,s present during the performance of the work, and saw the quality of the materials and workmanship, and made no objection, he waived his right to object afterwards. Few tenants, and in fact, few individuals in the community, have such a knowledge of the work and materials involved in the plumbing, steam supply pipes, and other features connected with the construction and fixtures of a large hotel, that their presence during the performance of the work and seeing the materials would enable them to make proper objections in reference to any defects. The law does not impose any' such obligation upon a tenant, especially where it involves what would tax the ability of an accomplished expert.
The defendant also claims that the judge erred in refusing to allow evidence of a strike on the part of the workmen after September 1. This was after the period within which the defendant was to full hi the agreement, *119 and whether there was a strike or not, during his default, has no bearing upon the issues of the case. If the defendant had wished to protect himself from the consequences of such contingencies, he should have done so by a provision in his agreement.
As the case does not contain the plans and specifications for the new building referred to in the testimony, and in some of the exceptions, and as they have been brought in no other way to the attention of the court, it is difficult to pass upon the exceptions to which the omitted documents apply, and they will have to be disregarded on this appeal.
The defendant objected to the charge of the judge in respect to the use of the coal vault. The judge restricted the jury to such damage as the plaintiff had shown from not having been put in possession, excluding all claim for increased price paid in consequence of being compelled to purchase his coal at retail prices. The defendant excepted to the refusal of the court to •charge that the plaintiff was only entitled to recover for the use of the coal vault for such length of time as it would take to clear it out, and to such expense as would have been required to do that.
There was nothing in the terms of the lease to require the tenant to clean out the rubbish and other contents of the coal vault to get possession of it, nor was there any such duty imposed upon the tenant otherwise. The principles governing this exception and that in respect to that part of the charge in relation to plaintiff’s putting in a new boiler, have already been considered, and they can not be deemed to have any weight.
The defendant excepted to the refusal of the judge to charge, that if the plaintiff failed to pay his rent when it became due, he could not recover for any damages after such non-payment.
This defense was not interposed by the answer, *120 which set up a non-payment of rent for the quarter expiring November 1, 1871, as a counter-claim. The reply sets up the pendency of an undetermined suit brought by the defendant against the plaintiff to recover this quarter’s rent. This is the only evidence in respect to the non-payment, and as the counter-claim was withdrawn at the trial everything on that subject may be considered out of the case. The question, but for the withdrawal of the counter-claim, could have been determined at the present trial.
These constitute the exceptions in the case, to which the attention of the court was chiefly called at the argument. In looking through the case, there are-many exceptions to be found, but none that constitute a sufficient reason for granting a new trial.
The judgment appealed from should be affirmed*, with costs, to respondent.
Freedman and Speir, JJ., concurred.